AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | **8:20MJ1309JSS** |
| v. | ) | Case No. |
| Kimberly Fleer | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  **November 2, 2019**  in the county of  **Hillsborough**  in the

**Middle**  District of  **Florida** , the defendant(s) violated:

| Code Section | *Offense Description* |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to distribute and possess with intent to distribute a mixture and |
| 21 U.S.C. § 841(b)(1)(C) | substance containing a detectable amount of Heroin and Fentanyl. |

This criminal complaint is based on these facts:

**See Affidavit**

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Robert Harrop, Detective
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 via telephone or other electronic means.

Date:  **3/17/2020**

_____
*Judge's signature*

City and state:  **Tampa, Florida**

Julie S. Sneed, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert Harrop, after being duly sworn, depose and say as follows:

### Introduction and Agent Background

1.     I am commissioned as a Detective with the Hillsborough County Sheriff's Office ("HCSO") and have been so appointed since March 2016. I am presently assigned to the HCSO Special Investigations Division in Hillsborough County. In addition, I am the Task Force Officer ("TFO") for Homeland Security Investigations ("HSI"). My duties as an HCSO Detective/HSI TFO include the investigation of various criminal activities of narcotics traffickers and their associates.

2.     This affidavit is being submitted in support of a Criminal Complaint charging Kimberly Fleer ("FLEER") with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin and fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

3.     This affidavit does not contain all of the information pertaining to this investigation, and merely provides probable cause to issue a warrant for the defendant's arrest. I have personally participated in this investigation described below and am familiar with the information contained in this affidavit through my personal knowledge and information learned during the course of this investigation.

## Background of the Investigation

### A.  Fatal Overdose of M.H., on November 3, 2019

4.     On November 2, 2019, at approximately 8:23 p.m., an individual ("Witness 1") contacted Hillsborough County Sheriff's Office ("HCSO") to report that one of her family members, the decedent ("M.H."), was not breathing in his bathroom. Hillsborough County Fire Rescue ("HCFR") responded and pronounced M.H. deceased at 8:49 p.m.

5.     HCSO patrol deputies located two syringes and three baggies in the vicinity of the decedent. One baggie contained a white colored powder residue, while two contained a white colored powder. The items were submitted to the Hillsborough County Medical Examiner's Office for analysis as no presumptive test was conducted at the incident scene. The lab test confirmed that the syringe located near the decedent was determined to contain sugar alcohol, caffeine, and fentanyl. Nothing was detected in the second syringe. The lab also confirmed that the two baggies of powder, and the baggie-containing residue were all found to contain caffeine and fentanyl.

  

6.     HCSO patrol deputies located two potential witnesses at the scene and conducted an interview with both of them. Witness 1, who located M.H. had no

information to provide as they did not reside at the residence. Witness 2, however resided at the residence, and advised M.H. (as well as Witness 2) routinely purchased heroin from an individual, known to Witness 2 and M.H. as "Kim." Witness 2 positively identified "Kim" as Kimberly Fleer ("FLEER"). Witness 2 was shown an unmarked Hillsborough County Sheriff's Office booking photograph of FLEER and positively identified the photograph of FLEER as the person Witness 2 knows to be "Kim."

7.     A forensic review of M.H.'s cellphone revealed several narcotics related text messages between M.H. and a contact listed as "Kim" with a phone number of ###-###-4419. A search of law enforcement databases revealed the phone number for "Kim" was associated with FLEER.

8.     Law enforcement later obtained subscriber information for telephone 4419 from AT&T. The subscriber name was registered to Kimberly N. Fleer, with an address located at 914 Coade Stone Dr., Seffner, FL 33584. The email listed for the account was KFLEER.KG@gmail.com.

9.     The forensic extraction of the phone revealed that on November 2, 2019, at approximately 3:19 p.m., "Kim" told M.H. via text message "I will be back in town at 434 gps says I have whit too." At 4:15 p.m., "Kim" stated "how many Im about t[o] sell out again" to which M.H. responded "I was going to grab fo[u]r and I'm leaving now..." At approximately 4:40 p.m.—hours before M.H. died—M.H. sent a text message to "Kim" that stated "sorry Kim I meant to tell you I'm almost there in like a minute or two away on 92."

3

10.    Based on previous conversations, between FLEER and M.H., the location was determined to be a Circle K located at 706 US 92, Seffner, FL 33584.

11.    Law enforcement officers obtained surveillance video from the store. As depicted below, the video captures a blue Honda Civic with a unique white sticker on the rear window arriving at the store at approximately 4:39 p.m. At no point is the vehicle's license plate captured. The driver of the blue Honda Civic, which appears to be a female, meets with an occupant of a white SUV (not M.H.) and the two appear to conduct a hand-to-hand transaction. At approximately 4:42 p.m., an orange Dodge Ram pickup truck pulls up next to the blue Honda Civic. M.H. exits the pickup truck and makes contact with the driver of the blue Honda Civic. M.H. opens the passenger door of the Honda Civic and interacts with the driver. M.H. then runs from the Honda Civic to the inside of the Circle K. M.H. then goes to the ATM and appears to complete a transaction at the ATM. M.H. runs back to the Honda Civic, interacts with the driver, and drives away in the pickup truck. At approximately 5:03 p.m., the Honda Civic leaves the parking lot.




12.    Law enforcement officers reviewed FLEER's driver's license, which listed 914 Coade Stone Dr. Seffner, FL 33584, as her residence. On or about November 5, 2019, surveillance was conducted at her residence. FLEER was observed arriving at the residence driving a blue Honda Civic bearing Florida license plate LFNL51. Just like the blue Honda Civic captured on surveillance at the Circle K, FLEER's blue Honda Civic had a unique white sticker on the rear window on the bottom left corner of the window on the driver's side.

13.    I am aware that the 2008 blue Honda Civic bearing Florida license plate LFNL51 is registered to FLEER at her residence.

14.    M.H. was found deceased wearing the same clothing he was wearing at the Circle K.

**B.    Controlled Purchase 1 - November 6, 2019**

15.    On November 6, 2019, HCSO undercover detectives ("UC") and a confidential source ("CS 1") purchased .9g of heroin from FLEER in exchange for $60.00 in U.S. currency at a McDonald's located at 610 E Dr. Martin Luther King Bl. Seffner, FL 33584. CS 1 arranged the transaction through text messages with FLEER. The number CS 1 had for FLEER, and the number CS 1 used to communicate with FLEER, was the same 4419 number M.H. had saved under "Kim" in his phone. In summary, CS 1 advised FLEER "are you straight I'm sick af... I can meet you I'm mobile need 60." FLEER advised CS-1 "come to mlk n parsons mcdonalds." At approximately 8:50 p.m., FLEER arrived in a blue Honda Civic bearing Florida tag LFNL51. CS 1 exited the UC's car and entered into the

5

passenger side of FLEER's car, where CS 1 purchased 0.9g of heroin from FLEER

in exchange for $60.00. The narcotics transaction was captured utilizing a covert

audio recording device. The heroin was submitted to the Hillsborough County

Medical Examiner's Office for analysis. The Medical Examiner's Office revealed the

contents of the heroin was comprised of sugar alcohol, 4-ANPP (4-Anilino-N-

Phenylethylpiperidine) and fentanyl.

### C. Controlled Purchase 2 - November 8, 2019

16.    On November 8, 2019, HCSO detectives and CS 1 purchased 2.5g of

heroin from FLEER in exchange for a total of $80.00 in US currency at a Denny's

located at 1301 W Brandon Bl., Brandon, FL 33511. At approximately 3:56 p.m.,

FLEER arrived at the location in a blue Honda Civic bearing FL tag LFNL51. CS 1

exited the UC's car and entered into the passenger side of FLEER's car. CS 1

purchased a quantity of heroin for $60.00 in US currency. The narcotics transaction

was captured utilizing a covert audio recording device. After the transaction, CS 1

reentered the UC's car and advised the UC that FLEER would not sell directly to the

UC, as FLEER did not know the UC. CS 1 then exited the UC's car again and

reentered FLEER's car, where CS 1 purchased an additional quantity of heroin from

FLEER for $20.00 in US currency. The narcotics transaction was captured utilizing a

covert audio recording device. The heroin was submitted to the Hillsborough County

Medical Examiner's Office for analysis. The Medical Examiner's Office revealed the

contents of the heroin was comprised of sugar alcohol, 4-ANPP (4-Anilino-N-

Phenylethylpiperidine) and fentanyl.

### D.   Traffic Stop on FLEER

17.   On November 8, 2019, after the second undercover purchase was completed between CS 1 and FLEER, covert surveillance was maintained on FLEER. FLEER exited the Denny's parking lot and proceeded to drive to a shopping plaza on the north side of Brandon Blvd. between Hilltop Dr. and Lakewood Av., eventually parking in the parking lot of the shopping plaza. A few minutes later, a Ford F-150 pulling a trailer was observed parking near FLEER. A female passenger exited the Ford F-150 and entered into the passenger side of FLEER's Honda Civic.

18.   HCSO Detectives proceeded to move in and made contact with FLEER and the female passenger inside FLEER's vehicle. An interview was conducted with the female passenger and she admitted to being there to purchase $80.00 of heroin from FLEER. The passenger had not yet received the heroin from FLEER, but had already provided FLEER with the US currency.

19.   Based on the hand to hand transactions with CS 1, FLEER was taken into custody and charged with two counts of Delivery of a Controlled Substance-Fentanyl.

20.   Law enforcement conducted a search of FLEER's 2008 blue Honda Civic. A black Samsung Galaxy S7 phone was found within the center console. HCSO detectives called phone number ###-###-4419 and the phone in the center console began to ring. In addition, four plastic ring bags containing a white powder were located in the passenger side front door. A bag containing a white powder was

7

also located in the driver side front door handle. One of the bags from the passenger side was tested utilizing a Rigaku Analytical Device and the results were determined to be a mixture of Mannitol Trans-3-Methyl-Fentanyl.

### E.   Digital Evidence

21.   On November 8, 2019, a state court authorized search warrant was obtained to search FLEER's phone. A forensic analysis of FLEER's phone revealed FLEER had M.H.'s phone number saved in her phone as a contact labeled as [M.H.][1] and the same text messages observed on M.H.'s phone were observed on FLEER's phone.

22.   The forensic extraction also revealed several text messages between FLEER and a contact saved as "kAY1A." Specifically, on November 5, 2019, Fleer stated:

   a.   "Hey girl i just got my phone i had went to my friends house the friend who i met **the dude that died** n shit we like were spyin on his house like a stake out n drinkin n she gave me a bar n we did coke like i just got fuxked up i didnt even go home last night"

23.   Also on November 5, 2019, FLEER sent a text message to phone number ###-###-9221, which stated: "Im boy to pull up yall can keep the extra 5 u was gunna owe waitin...**a dude od on my stuff today** n im extremely worried n trynna cover my tracks."

24.   On November 14 and November 15, 2019, state court authorized search warrants were obtained for FLEER and M.H.'s cell site data. An analysis of the cell

---

[1] The number was saved under M.H.'s actual first name.

8

site data revealed that on November 2, 2019, at approximately 4:41 p.m.—approximately one minute after M.H. states via text "sorry Kim I meant to tell you I'm almost there in like a minute or two away on 92" and approximately two minutes after FLEER arrives at the Circle K—FLEER calls M.H. The phone call lasts fifteen seconds. Law enforcement are aware that M.H.'s phone pinged off a T-Mobile tower, while FLEER's phone pinged off an AT&T tower. The Circle K where they met is located within the tower sectors of both the T-Mobile and AT&T tower at the time of the call.

25.    On March 3, 2020, a full autopsy report from the Hillsborough County Medical Examiner's Office (MEO) was obtained. The cause of death was determined to be "intoxication by the combined effects of fentanyl, heroin, oxycodone, methadone and ethanol." The toxicology report revealed the level of fentanyl was 0.053 mg/L, which is roughly ten times a fatal dose of fentanyl.

26.    Based upon the information contained in this affidavit, I believe there is probable cause to believe that FLEER knowingly conspired to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of heroin and fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Robert Harrop, Detective
Hillsborough County Sheriff's Office
Task Force Officer with Homeland Security
Investigations

Sworn to and subscribed before me on this _17_ day of March, 2020.

Julie S. Sneed
United States Magistrate Judge

10